JANET FRANCHOT PAIGE, Respondent, *v.* SCHENECTADY RAILWAY
COMPANY, Appellant.

CAROLINE PAIGE LANSING, Respondent, *v.* SCHENECTADY RAILWAY
COMPANY, Appellant.

BELLE VAN EPPS, Respondent, *v.* SCHENECTADY RAILWAY COMPANY,
Appellant.

CHARLES L. WHITMYRE, Respondent, *v.* SCHENECTADY RAILWAY
COMPANY, Appellant.

LOUISE A. THOMPSON, Respondent, *v.* SCHENECTADY RAILWAY COM-
PANY, Appellant.

ISABELLA BEATTIE, Respondent, *v.* SCHENECTADY RAILWAY COMPANY,
Appellant.

*Patents executed by Dutch governors of the colony of New York — effect, on the title*
*to streets then in existence, of confirmatory patents executed by English governors.*

Assuming that under the Dutch law the fee of the streets is in the sovereign and
that a patent, granted by a Dutch governor of the colony of New York, of
land in the present city of Schenectady, did not convey to the patentee any
title to the fee of a street then in existence in front thereof, yet where con-
firmatory patents have subsequently been granted by English governors of the
colony, bounding the land by the street, they will operate to convey to the
patentee the title to the center of the street.

KELLOGG, J., dissented.

APPEAL in each of the above-entitled actions by the defendant,
the Schenectady Railway Company, from a judgment of the
Supreme Court in each action in favor of the plaintiff therein, bear-
ing date the 24th day of December, 1902, and entered in the office
of the clerk of the county of Schenectady upon the decision of the
court, rendered in each action after a trial at the Montgomery Special
Term, enjoining the defendant from operating its railroad in front
of the premises of the respective plaintiffs.

*Marcus T. Hun, Learned Hand, James A. Van Voast* and *Jud-
son A. Landon,* for the appellant.

*Edward Winslow Paige,* for the respondents.

PER CURIAM:

Every question now presented was before this court on the former appeals from the orders refusing an injunction.   We have carefully examined the evidence produced on the trials and while it is somewhat changed from that before this court on the former appeals, we are of the opinion that the changes do not affect the result as then expressed.

Even assuming that Washington avenue was laid out prior to August 27, 1664, and that under the Dutch law the fee of the streets was in the sovereign and also that some of the plaintiffs can trace their title back to a patent granted by a Dutch governor, we are of the opinion that the patents subsequently granted by English governors in confirmation of said grants and conveying the lands by a description bounding the land by a street then in existence resulted in transferring to the grantees the title to the center of the street.

All concurred, except KELLOGG, J., dissenting.

Judgments affirmed, with costs.